IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sherwood A. Adams, | ) | Civil Action No.: 2:10-2195-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Gregory Knowlin, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment (Dkt. # 26) and the Petitioner's Motion for Summary Judgment (Dkt. # 36).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on August 18, 2010.[1]  On February 28, 2011, the Respondent moved for summary judgment. (Dkt. # 26.)  By order filed March 2, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  (Dkt. # 28.)  On June 1, 2011, following two extensions, the Petitioner filed a response opposing the Respondent's Summary Judgment

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on August 18, 2010, at the Turbeville Correctional Institution mailroom.  (Pet. Attach. # 2.)  *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

Motion and his own Motion for Summary Judgment. (Dkt. # 36.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## **FACTS/ PROCEDURAL HISTORY**

The Petitioner is currently incarcerated in Turbeville Correctional Institution. In February 2003, he was indicted in Lexington County for criminal domestic violence of a high and aggravated nature and kidnapping. Public Defenders Sally J. Henry and Brad Kirkland represented the Petitioner on the charges. A jury trial was held September 15-18,2003, before the Honorable Marc H. Westbrook. On September 18, 2003 , the jury convicted the Petitioner as charged, and Judge Westbrook sentenced him to fifteen years for the kidnapping charge and ten years for the criminal domestic violence charge to run concurrently. (App. 375-376; 386.)

On September 19, 2003, Judge Westbrook denied the Petitioner's motion for reconsideration of the sentence. (App. 387.) Judge Westbook found that "the sentence was appropriate given the brutality of what happened and his past record of brutality toward women." (App. 389- 390.) The Petitioner appealed.

Assistant Appellate Defender Aileen P. Clare represented the Petitioner on appeal. Clare filed motion to be relieved as counsel and a final *Anders* brief raising the following issues:

> 1) Did the lower court err by not giving a jury charge on self-defense?

> 2) Did the lower court err by ruling that jurisdiction was proper in Lexington County when most of the events at issue occurred in Calhoun County?

(*Anders* Br. at 3.)   On October 12, 2004, the Clerk of the Court of Appeals advised the Petitioner of his right to file a pro se brief.  On January 7, 2005, the Petitioner filed a pro se brief and raised the following issue:

> Appellant has suffered a miscarriage of justice and his conviction only stand due to denial of due process and equal protection in the State court, in multiple and gross violation of the United States Constitution, that constitutes an outrage and mockery of justice that courts which are sworn to uphold the constitution should not tolerate.

(PCR Supp. App. at 22.)   Specifically, the Petitioner argued the trial judge abused his discretion by denying a motion for a mistrial "after counsel admitted incompetent and ineffective representation," the trial court did not have jurisdiction,  and "[t]he State should not have been permitted to introduce evidence and/or testimony as to what occurred in Calhoun County because the appellant was indicted in Lexington County." (PCR Supp. App. at 24.)

On April 16, 2005, the South Carolina Court of Appeals dismissed the appeal in an unpublished opinion and granted the petition for counsel to be relieved. *Slate v. Adams*, No. 2005-UP-242 (S.C. Ct. App. filed April 6, 2005). On May 2, 2005, the Petitioner filed a pro se petition for rehearing. On June 22, 2005, the Court of Appeals denied the petitioner for rehearing and the remittitur was sent down on July 27, 2005.

On March 15, 2006, the Petitioner filed an application for post-conviction relief ("PCR"), raising the following issues:

> 1)   Ineffective Assistance of Counsel

3

>> a. counsel was ineffective in failing to object to opening argument by State;
>
>> b. counsel was ineffective for failing to move to quash the indictment before trial as being insufficient;
>
> 2) Subject Matter Jurisdiction:
>
>> Lexington County Grand Jury should not have been expose to the Calhoun County evidence.

(App. at 392 & Attachs.) David W. Melnyk represented the Petitioner. On July 9, 2007, an evidentiary hearing was held before the Honorable John M. Milling. At the conclusion of the hearing, Judge Milling denied relief. (App. at 453-456.) On August 8, 2007, the PCR judge filed an order denying the Petitioner PCR. (App. 458-465.) The Petitioner appealed.

Deputy Chief Appellate Defender Wanda H. Carter represented the Petitioner on appeal. On July 20, 2009, Carter filed a petition for a writ of certiorari in the Supreme Court of South Carolina raising the following issue:

> Trial counsel erred in failing to move to suppress evidence of prior bad acts that occurred in Calhoun County between petitioner and the victim as improper res gestae because the indictment handed down by the Lexington County Grand Jury alleged that petitioner kidnapped and assaulted the victim in Lexington County.

(Cert. Pet. at 2.) On May 14, 2010, the Supreme Court of South Carolina denied the petition and sent down the remittitur on June 2, 2010.

In this habeas petition, the Petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** Ineffective Assistance of Counsels
>
> **Supporting Facts:** Counsels was constitutionally ineffective for failing to object to opening argument in which the majority

4

of the alleged events stated in opening argument pertain to Calhoun County and I was Indicted in Lexington County by a Lexington County Grand Jury. Counsel was ineffective for failing to move to quash my Indictment for kiddnapping and CDYHAN when evidence that was submitted pertain primarily to Calhoun County.

**Ground Two:** Abuse of Discretion

**Supporting Facts:** Trial Judge was ask by counsel to declare a mistrial due to "'a serious jurisdictional Issue" in which Trial and the Solicitor brought to the attention of the courts. Also Trial counsels ask to be relieved of counsel as I myself ask to have both counsels relieved due to their ineffectiveness which they stated at trial on several occasion during trial.

**Ground Three:** Subject matter jurisdiction

**Supporting Facts:** I was charged in Lexington County where the alleged incident allegedly began. However the majority of the events that led to my arrest & conviction, including the most serious alleged, assault occurred in Calhoun County. (Therefore) Lexington Co. was without subject matter jurisdiction to try me for a crime that occured in Calhoun Co.

**Ground Four:** Violation of Due Process under 141h Amendment of the United States Constitution.

**Supporting Facts:** Because the State use evidence from another county to convict me and in which I was Indicted in a another county all together county in Question are Lexington & Calhoun County.

(Habeas Pet. at 5- 10.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the

> pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759

6

F.2d 355, 365 (4th Cir. 1985).

## HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

## EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar

manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

    A.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the

>   meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal.  SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Patterson v. Leeke*, 556 F.2d

1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

      B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a

procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); and *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## DISCUSSION

**Ground One**

In Ground One, the Petitioner contends his trial counsel were ineffective for failing to object to the state's opening statement when the solicitor stated that most of the "alleged events" occurred in Calhoun County and the Petitioner was indicted in Lexington County and for not moving to quash the Lexington County indictments. The Respondent contends that these claims are procedurally barred as the Petitioner failed to raise either of these claims in his PCR appeal.

Although the Petitioner raised these issues in his PCR proceeding and the PCR Judge ruled on it, the Petitioner did not raise these issues to the South Carolina Supreme Court when he appealed the denial of his PCR application. *Coleman*, 501 U.S. 722 (finding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Accordingly, these claims are procedurally defaulted. A petitioner may nonetheless overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman,* 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir.1996). The

Petitioner, however, has failed to allege or show any cause and prejudice, or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir.1995), the Court of Appeals held that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir.1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the Petitioner's claims raised in Grounds One should be dismissed.

**Grounds Two and Three**

In Ground Two, the Petitioner contends that the trial judge abused his discretion by failing to declare a mistrial based on the alleged jurisdictional error. In Ground Three, the Petitioner contends that the trial court did not have subject matter jurisdiction. These issues were raised in the Petitioner's direct appeal.

At trial, the Petitioner moved for a mistrial on the CDVHAN charge for lack of jurisdiction. (PCR App. 283.) The trial judge denied the motion for a mistrial, finding the events which occurred in Calhoun County would still be admissible under the theory of res gestae. The Petitioner argues that because "the most serious alleged assault occurred in Calhoun County," Lexington County lost all jurisdiction over the events in Lexington County.

Under South Carolina law, the decision to grant or deny a motion for mistrial is within

the sound discretion of the trial court. *State v. Wasson*, 386 S.E.2d 255, 256 (S.C. 1989). The trial court's decision to deny a motion for mistrial will not be overturned on appeal absent an abuse of discretion amounting to an error of law. *Id.* A mistrial should not be granted unless absolutely necessary, and in order to receive a mistrial the defendant must show error and resulting prejudice. *State v. Council*, 515 S.E.2d 508, 514 (S.C. 1999).

Although the Petitioner has repeatedly questioned the state court's subject matter jurisdiction, he has failed to raise an issue entitling him to federal habeas relief. Federal habeas relief is only available when the alleged error was based on a "violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a). Any allegation that the state court lacked subject matter jurisdiction argument must fail because subject matter jurisdiction of a state trial court is a state law issue. *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir.1998) (holding jurisdiction is a matter of state law).

The Petitioner has not presented any evidence that shows the state court unreasonably applied federal law as established by the Supreme Court or that the state court made an unreasonable determination of the facts in light of the evidence before it. As a result, this claim should be dismissed. Accordingly, these claims should be dismissed.

**Ground Four**

In Ground Four, the Petitioner contends that his due process rights were violated because the State used evidence regarding acts which occurred in Orangeburg County to convict him. This claim was not raised in the Petitioner's direct appeal and therefore is procedurally barred. Furthermore, the Plaintiff has not alleged or by shown either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of

such review. *See Coleman,* 501 U.S. at 750; *Savino*, 82 F.3d at 602. The Petitioner, however, has failed to meet his burden of showing sufficient cause and prejudice or actual innocence to excuse the default. Thus, this claim is procedurally barred from consideration by this court and should be dismissed without a discussion on the merits. *Kornahrens*, 66 F.3d 1350 (holding once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

## CONCLUSION

Wherefore, it is RECOMMENDED that the Petitioner's Motion for Summary Judgment (Dkt. # 36) be DENIED; and the Respondent's Motion for Summary Judgment (Dkt. # 26) be GRANTED and the Petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

                                                                     s/Bruce Howe Hendricks
                                                                     United States Magistrate Judge

June 16, 2011
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).