IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sherwood A. Adams, #264887, | ) | C/A NO. 2:10-2195-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Gregory Knowlin, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On June 16, 2011, the Magistrate Judge issued a Report recommending that Petitioner's motion for summary judgment be denied, that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on July 5, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that Respondent is entitled to summary judgment. Therefore, except for scrivener's errors on pages 2 and 14 of the Report,[1] the court adopts the Report by reference.

Petitioner contends in his first objection that Ground One is not defaulted because he had no control over the issues presented in the petition for writ of certiorari by his PCR appellate counsel. Obj. at 2 (Dkt. #42, filed July 5, 2011). Additionally, Petitioner maintains that because review of a PCR court's decision by the South Carolina Supreme Court is discretionary, he is not procedurally barred from presenting Ground One in this court. *Id*. at 3.

Even if defaulted, Petitioner's claims in Ground One could be considered by this court if Petitioner could show both (1) "'cause' for noncompliance with the state rule" (in this case, presentation of the issue to the South Carolina Supreme Court) and (2) "'actual prejudice resulting from the alleged constitutional violation.'" *Smith v. Murray*, 477 U.S. 527, 533 (1986) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Even assuming for purposes of this matter that the "cause" for failing to include the issues

---

[1]The Report references the authority granted to the Magistrate Judge as being located in Local Civil Rule 73.02(B)(2)(d), DSC. Report at 2. However, the authority of the Magistrate Judge is located at Local Civil Rule 73.02(B)(2)(c), DSC, because this matter is a petition brought under 28 U.S.C. § 2254, not a claim pursuant to 42 U.S.C. § 1983.

Additionally, the Report indicates on page 14 that some of the events in question occurred in Orangeburg County. The events in question occurred in Lexington County and Calhoun County.

2

in Ground One in a writ of certiorari was ineffectiveness on the part of PCR appellate counsel,[2] Petitioner cannot establish resulting prejudice. Petitioner has made no showing that the PCR court's analysis and conclusion regarding trial counsels' purported ineffectiveness was an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[3] 28 U.S.C. § 2254(d)(1). Therefore, because Petitioner cannot establish prejudice, this objection fails.

As to discretionary review, "[t]he habeas petitioner must raise his claim before every available state court, including those courts-like the Supreme Court of [South Carolina]-whose review is discretionary." *Jones v. Sussex I State Prison*, 591 F3d. 707, 713 (4th Cir. 2010). Therefore, Petitioner's contention to the contrary fails.

Petitioner's remaining objections are without merit. An attempt to raise a federal constitutional claim by including it in Objections to a Report (relating to Ground Four) fails to satisfy the requirement that a federal constitutional claim must first be presented to the state courts for their review and analysis.

Respondent's motion for summary judgment is **granted**, Petitioner's motion for summary judgment is **denied**, and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues

---

[2] Ineffective assistance of PCR counsel is not a ground for federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722 (1991).

[3] In this case, the clearly established federal law as determined by the Supreme Court of the United States is *Strickland v. Washington*, 466 U.S. 668 (1984).

   satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

  **IT IS SO ORDERED.**

             s/ Cameron McGowan Currie
             CAMERON McGOWAN CURRIE
             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 13, 2011